[Cite as *State v. Roesener*, 2022-Ohio-1901.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

      CASE NO. 14-21-26

    v.

DAVID R. ROESENER,        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marysville Municipal Court
Trial Court No. CRB2100317

Judgment Affirmed

Date of Decision:  June 6, 2022

APPEARANCES:

    *Lawrence J. Kramer* for Appellant

    *Samantha Hobbs* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant David R. Roesener ("Roesener") brings this appeal from the judgment of the Marysville Municipal Court finding him guilty of domestic violence. On appeal, Roesener claims the judgment was not supported by sufficient evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 7, 2021, the victim contacted the police and told them that Roesener had struck her during an argument. Doc. 1. Officer Zach Schnarre ("Schnarre") responded to the call and arrested Roesener after speaking with the parties. Doc. 1. Schnarre charged Roesener with one count of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Doc. 1. On November 15, 2021, a bench trial was held. Doc. 31. The trial court found Roesener guilty and sentenced him to 30 days in jail with credit given for 1 day of time served and 29 days suspended. Doc. 31. The trial court also placed Roesener on community control for three years. Doc. 31. Roesener filed a timely notice of appeal from this judgment. Doc. 37. On appeal, Roesener raises the following assignments of error.

### First Assignment of Error

**There was insufficient evidence of physical harm presented by the State to support a conviction.**

## Second Assignment of Error

**There was insufficient evidence to support the conclusion that [Roesener] knowingly caused or attempted to cause physical harm to his wife.**

**{¶3}** Both assignments of error in this case challenge the sufficiency of the evidence.

**The question of whether the evidence presented at trial is legally sufficient to support a verdict is a question of law.** *State v. Thompkins*, **78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Sufficiency is basically a term of adequacy.** *Id*.

**An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. * * * Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." * * * "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact."** *State v. Adkins*, **3d Dist. Allen No. 1-19-71, 2020-Ohio-6799, ¶ 37 (citations omitted).**

*State v. Hulbert*, 3d Dist. Van Wert No. 15-19-07, 2021-Ohio-2298, ¶ 5.

**{¶4}** Roesener was charged with violation of R.C. 2919.25(A), domestic violence. To prove this offense, the State needed to prove that Roesener knowingly caused or attempted to cause physical harm to his wife. R.C. 2919.25. In his assignments of error, Roesener claims that 1) there was no physical harm as the victim only experienced a brief period of mild pain from a strike to the buttocks and

Case No. 14-21-26

2) that he had no intent to cause physical injury to her. "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

> **(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.**

R.C. 2901.22(B). "To be actionable it is only necessary that the result is within the natural and logical scope of risk created by the conduct." *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884, ¶ 29. "A person need not foresee the precise consequences of criminal conduct." *State v. Hampton*, 8th Dist. Cuyahoga No. 103373, 2016-Ohio-5321, ¶ 13. The intent of the party is determined from the totality of the circumstances. *State v. Valladares*, 3d Dist. Allen No. 1-17-49, 2018-Ohio-1250.

{¶5} During the trial, the victim testified that she and Roesener were arguing. Tr. 7. The victim testified as follows.

> **A.  * * * He like, kind of like punch [sic] me on my buttocks on the left side.**
>
> **Q.  Okay.**
>
> **A.  Yeah.**

-4-

**Q. Did it hurt when he hit you on your buttock?**

**A. At that time, yes. But it's not that, like, badly or anythings [sic] like that.**

Tr. 8. The victim indicated that she believed Roesener struck her with a closed fist because it did not "sound" like a "smack". Tr. 9. On cross-examination, the victim indicated that she did not think Roesener intended to injure her and she did not wish to see him convicted. Tr. 13-14.

{¶6} Schnarre testified that Roesener stated that he had "smacked" the victim on the buttocks. Tr. 15-16. Video of Schnarre's body camera was then played. Tr. 16-21. Roesener indicated he did this after she told him she had thrown his wedding ring away so they were not married anymore. Tr. 17. Roesener then stated that he "patted her on the butt" like one would do to a "kid sister". Tr. 17. On cross-examination, Schnarre admitted that Roesener had never used the word smacked, that the word was his interpretation. Tr. 24. On redirect, the video was replayed and it showed that the following dialogue occurred.

**Schnarre: How's it going?**

**Roesener: Good. I patted her on the butt and she's saying that I punched her, but I didn't. I swear to God.**

Tr. 25.

{¶7} Following the testimony, the trial court made the following statements.

**\* \* \* Both sides seem to agree that the defendant did strike the alleged victim on the bottom left buttocks. \* \* \* The alleged victim has testified that the slap or what I wrote down was slap or the**

**part or whatever you want to call it. That it did hurt her and that she thought it was a closed fist. Probably not the strongest case as far as -- as injuries as the defendant said. But I feel that the elements of domestic violence have been shown. I'll therefore, make a finding of guilty.**

Tr. 43.

**{¶8}** To determine whether the conviction is supported by sufficient evidence, this court must view the evidence in a light most favorable to the State. This means that we must accept as fact that Roesener struck the victim with a closed fist as the result of an argument when reviewing whether the evidence was sufficient. As the trial court noted, the evidence in this case is far from the strongest. However, there is evidence that Roesener intended to strike the victim and that the victim suffered pain as a result, regardless of the duration. Viewing the evidence in a light most favorable to the State, it is sufficient to satisfy the requirement that the victim suffered a short-lived injury.[1] The duration and gravity are not part of the consideration as to whether physical harm occurred. R.C. 2901.01(A)(3).

**{¶9}** Likewise, the statute does not require that the offender have an intent to injure when committing the offense for it to be knowingly. The statute merely requires that the offender intended to commit the act and that the consequences of the act were reasonably foreseeable. Roesener argues that the evidence was not sufficient to support a finding that he intended the injury. He cites *State v.*

---

[1] This Court notes that the evidence may not be weighed as it would be if we were determining whether the conviction is supported by the manifest weight of the evidence, so the seriousness of the physical harm is irrelevant.

*Sepulveda* in support of this argument. 3d Dist. Mercer County No. 10-16-03, 2016-Ohio-7177. However, in *Sepulveda,* the defendant was charged with assaulting a police officer by spitting on the officer. No evidence was presented that the act of spitting caused any harm, usually caused any harm, or even had the potential to cause harm in that case. Thus, this court held that the act of spitting was not an attempt to cause physical harm to the officer and reversed the judgment. The act of spitting is very different from the act of punching someone. Thus, *Sepulveda* is distinguishable from this case. Viewing the evidence in a light most favorable to the State, a reasonable person could foresee that striking another person with a closed fist may result in pain. Given the evidence before the court, the judgment was supported by sufficient evidence. The assignments of error are overruled.

{¶10} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Marysville Municipal Court is affirmed.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/hls**